IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW SEIBEL, )
)
                 **Plaintiff,** )
)
vs. )   Case No. 10-2238-JAR
)
ENCORE RECEIVABLE )
MANAGEMENT, INC. )
)
                 **Defendant.** )
)

## MEMORANDUM AND ORDER

Plaintiff Matthew Seibel filed this lawsuit against defendant Encore Receivable Management, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This matter is now before the Court on defendant's Motion to Dismiss (Doc. 4) plaintiff's claims under Rule 12(b)(6). For the reasons stated below, the Court denies defendant's motion, without prejudice, provided plaintiff timely files an amended complaint in accordance with this Order.

### I.    Rule 12(b)(6) Standards

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[1] In deciding a Rule 12(b)(6) motion to dismiss, the court draws all reasonable inferences in favor of the plaintiff.[2] Under Fed. R. Civ.

---

[1] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[2] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[3] In so doing, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] A complaint that contains nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.[5] On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

## II. Discussion

In his Complaint, plaintiff alleges that he is a consumer and defendant is a debt collector as defined under the FDCPA; that he incurred a qualifying debt that went into default with the original creditor, which was subsequently transferred to defendant for collection; and, that plaintiff disputes the account.

The Complaint alleges that in the year prior to filing this action, defendant "made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff"; and that during the telephone calls, defendant "continually caused Plaintiff's telephone to ring." The Complaint further alleges that during the telephone calls and voicemail messages, defendant "transmitted

---

[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949–50 (2009) (internal quotation marks omitted).

[6] *Id.* at 1949.

confidential account information to a third party." The Complaint alleges that the phone calls, continually ringing the phone and the transmittal of confidential account information were statements and actions that were undertaken as "part of a campaign of abusive and unlawful collection tactics"; "constitute harassment or abuse"; and "constitue[d] false or misleading representations."[7]

Defendant argues that plaintiff's Complaint comprises nothing more than a formulaic recitation of the statutory elements of the claims, devoid of any factual basis or support for the claims. The Court agrees. The claims are brought under 15 U.S.C. §§ 1692d(5), 1692c(b), 1692d preface, and §1692e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11). The Court discusses each section in turn.

### A. Sections 1692d preface and 1692d(5)—Harassment and Abuse

Plaintiff claims that defendant engaged in conduct violative of §1692d preface, which prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt."[8] The statute includes a non-exhaustive list of such conduct. Plaintiff claims defendant violated §1692(d)(5), which addresses "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."[9]

In that regard, plaintiff's Complaint alleges that defendant "continually caused Plaintiff's

---

[7](Doc. 1 at 4.)

[8]15 U.S.C. § 1692d preface.

[9]15 U.S.C. § 1692d(5)

3

telephone to ring," and further engaged in "acts and omissions" that "constitute harassment or abuse." The only "acts or omissions" referenced in the Complaint, however, are that defendant: "made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff"; had made the calls and left the voicemail messages in an "attempt to collect the Account"; in making the calls and leaving the messages, "conveyed information regarding the Account directly or indirectly to the Plaintiff"; "continually caused Plaintiff's telephone to ring"; during the telephone calls and voicemails "transmitted confidential account information to a third party"; and undertook the conduct as "part of a campaign of abusive and unlawful collection tactics."

Defendant argues that the Complaint states a conclusory, formulaic basis for the claims, without supplying sufficient detail such as the dates, frequency, pattern or content of these so-called harassing or abusive communications. Plaintiff counters that the Complaint need not provide the type of detail that may not be available to plaintiff until discovery, such as the times and dates of all of the calls or voicemail messages.

The Court agrees that this level of detail is unnecessary; discovery will reveal the full extent, nature and content of the contacts. But, it is insufficient to merely say that defendant engaged in abuse and harassment without any description or indication or example addressing the frequency of the calls and voicemail messages, or without a descriptive example of the content of some of the communications, or even without an indication of the numbers called and the numbers called from. Plaintiff's Complaint is conclusory and formulaic, providing no factual basis for the conclusion that the communications were sufficiently frequent, or made to numbers, or at times of the day, or included abusive content. While the Complaint need not give a full or even extensive account of the communications, this Complaint provides nothing in the way of

4

description, explanation or examples of the abusive or harassing nature of defendant's conduct. Although the dates, times and places of the calls need not be stated with particularity, here plaintiff provides no factual support that the calls were continual. There is no general estimation of the frequency of the calls, or whether the calls were made to plaintiff's home telephone, work telephone and/or cell telephone.

Plaintiff attempts to provide some additional detail in his response, asserting that he has "possession of three telephone recordings that document contact between Defendant and Plaintiff, which will be produced during disclosures and discovery." While this detail is something that would strengthen the statement of claims in the Complaint, the Court necessarily disregards it. This statement, in Plaintiff's response to the motion to dismiss, is beyond the scope of Rule 12(b)(6),[10] and thus has no bearing on whether the Complaint states claims upon which relief may be granted.

### B. Section 1692c(b)

Plaintiff claims that defendant engaged in conduct violative of §1692c(b), which provides:

> without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.[11]

The Court agrees with defendant that the Complaint insufficiently states this claim. The only fact alleged in the Complaint that seems to implicate this section is that in making the calls

---

[10]*See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[11]15 U.S.C. § 11692c(b).

and leaving the messages, defendant "conveyed information regarding the Account directly or indirectly to the Plaintiff," and further, that defendant left voicemail messages. But, alleging that defendant conveyed information indirectly to the plaintiff is not stating that defendant conveyed information to any unauthorized recipients within the meaning of FDCPA, nor does stating that defendant left voicemail messages state that defendant communicated with any such unauthorized recipient.

### C. Section 1692e

Finally, the Complaint alleges that defendant made false or misleading representations, referencing the Complaint's cryptic allegations that defendant engaged in "acts or omissions" such as transmitting confidential account information to a third party, and engaged in statements and actions that were harassing, abusive and "part of a campaign of abusive and unlawful collection tactics." The Complaint alleges violations of §1692e(2)(A), e(3), e(4), e(5), and e(7). These sections of the statute provide that the statute is violated by false representations or implications: concerning the character, amount or legal status of the debt; that the communication is from an attorney; that nonpayment will result in arrest, seizure or certain other types of action; that are threats to take action that cannot be legally taken; and that the consumer committed a crime or other disgraceful conduct. The Complaint also alleges violations of §1692e(10), use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer; and §1693e(11), the debt collector's failure to disclose certain information in its initial written or oral communication with the debtor.

Other than stating that defendant's "statements and actions constitute false or misleading representations," referencing the above discussed cryptic allegations about continual calls and

voicemail messages, and transmittal of confidential account information, the Complaint does not otherwise address the content, nature, maker, recipient or provide any other descriptive facts concerning the claim of false or misleading representations. Again, the Complaint insufficiently states the claim. Nor does the Complaint provide any factual support for a claim of deceptive means used in collection of the debt or in obtaining information concerning the plaintiff, or abusive or unlawful collection tactics. It is merely a formulaic recitation of these claims under the FDCPA.

Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within twenty-one days of service of a responsive pleading or motion under Rule 12(b).[12] After twenty-one days, the plaintiff must obtain leave to amend.[13] Defendant's Motion to Dismiss was filed on May 28, 2010, and plaintiff responded on June 16, 2010. Plaintiff did not request, nor has he filed an amended complaint and the twenty-one day period has expired. Nevertheless, where a party files a Rule 12(b)(6) motion challenging the pleading on the procedural pleading requirements of the federal rules, "courts typically allow a plaintiff leave to amend his complaint in order to cure the defective pleading.[14] Indeed, the Tenth Circuit has held that "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'"[15] Thus, rather than dismiss plaintiff's Complaint, the

---

[12]Fed. R. Civ. P. 15(a)(1)(B).

[13]Fed. R.Civ. P. 15(a)(2).

[14]*Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. 07-2253-DJW, 2008 WL 917507, at *2 (D. Kan. Mar. 31, 2008) (quoting *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1282 (D. Kan. 1997).

[15]*Id*. (citing *Triplett v. LeFlore County, Okla.*, 712 F. 2d 444, 446 (10th Cir. 1983) (quotation omitted)).

7

Court will grant leave to amend to cure the defects set out in this Order by alleging specifics of the FDCPA violations. Plaintiff shall file his amended complaint within **ten (10)** days of the date of this Order. In the event plaintiff fails to timely file such an amended complaint, defendant's motion to dismiss for failure to state a claim will be granted and the Complaint will be dismissed with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 4) is **denied, without prejudice**, provided plaintiff cures the Complaint's procedural pleading deficiencies in accordance with this Order by timely filing an amended complaint.

**IT IS SO ORDERED.**

Dated: August 4, 2010

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE